**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: 20-CV-62661

CANDICE PATTI,

    **Plaintiff**,

v.

WEST PALM BEACH ACQUISITIONS, INC.,
*d/b/a* GREENWAY KIA WEST PALM BEACH,

    **Defendant**.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Candice Patti ("Plaintiff") sues Defendant West Palm Beach Acquisitions, Inc., *doing business as* Greenway Kia West Palm Beach ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") and the Florida Fair Credit Reporting Act, Fla. Stat. § 501.005(16) (the "FFCRA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under the FFCRA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Boynton Beach, Florida.

5. Defendant is a Florida corporation, with its principal place of business located in West Palm Beach, Florida.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

8. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions alleged herein.

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10. Defendant owns and operates new and used car dealerships throughout Florida.

11. The facts and circumstances that gave rise to the action are associated with the conduct of Defendant at the new car dealership owned and operated by Defendant in Palm Beach County, Florida, located at 735 South Military Trail, West Palm Beach, Florida 33415 (the "Dealership").

12. On or about October 11, 2020, Plaintiff visited the dealership to learn more about a specific new vehicle Defendant holds open for sale, *namely*, the 2021 Kia Telluride.

PAGE | **2** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13. While inquiring about the 2021 Kia Telluride, Defendant demanded that, *to facilitate Plaintiff's inquiry*, Plaintiff was required to provide Defendant with Plaintiff's social security number, date of birth, personal cell phone number, and annual income figures.

14. In response to Defendant's deceptive demand for Plaintiff's personal credit information, Plaintiff explicitly stated to Defendant that Plaintiff *did not* consent to having Plaintiff's credit report pulled, and in so doing, Plaintiff further explained to Defendant that Plaintiff was concerned that Defendant would use Plaintiff's credit information to repeatedly submit credit applications with Plaintiff's personal information, thereby harming Plaintiff's credit.

15. In response to Plaintiff's concerns, Defendant explicitly assured Plaintiff that Defendant would not take any such action and that Plaintiff's personal credit information was simply needed to facilitate Plaintiff's *possible future transaction*.

16. Based on Defendant's explicit assertions and assurances, Plaintiff agreed to provide Defendant with Plaintiff's personal credit information as requested; however, in so doing, Plaintiff explicitly told Defendant that Plaintiff *would not* provide *any* of Plaintiff's personal credit information in any written or electronic format, nor would Plaintiff sign *any* documents regarding Defendant's prospective use of Plaintiff's personal credit information, as Plaintiff was *deeply* concerned with misuse of Plaintiff's personal credit information and was otherwise concerned that, if Defendant had Plaintiff's personal credit information written down, Defendant would misuse Plaintiff's personal credit information. Once again, Defendant responded to Plaintiff's concerns with assurances that no such conduct would occur, and that Defendant simply needed Plaintiff's personal credit information to facilitate Plaintiff's possible future transaction.

17. Upon providing Defendant with Plaintiff's personal credit information, Defendant proceeded to leave Plaintiff's observable presence for approximately sixty (60) minutes and

PAGE | **3** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

thereafter confronted Plaintiff with what Defendant couched as a "fantastic once-in-a-lifetime opportunity," *namely*, financing approvals from various lenders that Defendant claimed were willing to lend Plaintiff *all* funds needed to purchase a 2021 Kia Telluride from Defendant.

18. Notwithstanding the fact that Defendant was aggressively trying to coerce Plaintiff into agreeing - in writing - to purchase a vehicle for an inflated price (*i.e.*, 150% over manufacturer's suggested retail) at annual interest rate of 18% (*i.e.*, at the threshold for a usurious contract as defined by Fla. Stat. § 687.02(1)),  Plaintiff was repulsed by the now apparent bold lies told by Defendant, as the "fantastic once-in-a-lifetime opportunity" Defendant was unfurling, more accurately, was merely an exemplification of: [1] Defendant's unlawful use Plaintiff's personal credit information; and [2] Defendant's unlawful obtention of Plaintiff's personal credit reports.

19. Defendant's "*once in a lifetime*" offer was formulated using copies of Plaintiff's personal credit reports which Defendant unlawfully obtained.

20. Upon Defendant's presentation of the "fantastic once-in-a-lifetime opportunity," Plaintiff proceeded to explicitly inform Defendant that: [1] Plaintiff would not do *any* business with Defendant; and [2] that Defendant was *never to contact* Plaintiff again about purchasing *anything* from Defendant. Thereafter, Plaintiff promptly proceeded to exit the Dealership.

21. In exiting the Dealership, Plaintiff requested copies of documents and/or information Defendant unlawfully obtained, as well as demanded that Defendant *shred* any paperwork that Defendant *may* have physically printed that contains Plaintiff's personal credit information. Defendant responded, however, that it was not going to take any such action because Plaintiff "**did not have good credit anyway**," that Defendant "**would only do that if** [Plaintiff] **had a high credit score**," and proceeded to **laugh loudly** at Plaintiff while Plaintiff exited the Dealership.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

22. Plaintiff's interaction with Defendant at the Dealership caused Plaintiff significant distress, embarrassment, and aggravation because, despite Plaintiff's best efforts to safeguard Plaintiff's personal credit information and otherwise take steps to assure Defendant would not misuse Plaintiff's personal information, Defendant had, nevertheless, successfully deceived, and otherwise mislead, Plaintiff – *and in so doing* – unlawfully obtained copies of Plaintiff's credit reports in violation of both the FCRA and FFCRA.

23. In the following days, Plaintiff received various written notices confirming that Defendant had *absolutely* used Plaintiff's personal credit information to apply for secured lines of credit *even after* Plaintiff explicitly demanded that Defendant *not* take such action. Attached as Exhibit "A" is a copy of a letter Plaintiff received from Ally Bank, wherein Ally Bank stated Defendant had supplied Ally Bank with Plaintiff's personal credit information and/or Plaintiff's credit reports on October 11, 2020.

24. On information and belief, subsequent to October 11, 2020, Defendant continues to unlawfully use Plaintiff's personal credit information to submit credit applications without Plaintiff's consent and to otherwise obtain copies of Plaintiff's personal credit reports.

25. In addition to misusing Plaintiff's personal credit information to run credit applications, subsequent to October 11, 2020, Defendant began calling Plaintiff's personal cell phone that ends with 0933 ("Plaintiff's Cell Phone") without Plaintiff's express written consent in an attempt to coax Plaintiff into doing business with Defendant, despite Plaintiff having explicitly demanded that Defendant *never* contact Plaintiff again on October 11, 2020.

26. Subsequent to October 11, 2020, Defendant has placed in excess of ten (10), but no more than ninety (90) unsolicited marketing calls to Plaintiff's Cell Phone without Plaintiff's express written consent in an attempt to sell Plaintiff a car.

27. Each call Defendant placed to Plaintiff's Cell Phone subsequent to October 11, 2020, was placed by Defendant knowingly without Plaintiff's express written consent.

28. To place the complained of phone calls, Defendant utilized equipment that consisted of a combination of computer hardware, computer software, and a web-based or otherwise locally hosted automated calling platform.

29. The equipment utilized by Defendant has the capacity to store telephone numbers.

30. The equipment utilized by Defendant has the capacity to generate random or sequential numbers.

31. The equipment utilized by Defendant has the capacity to dial numbers in sequential order.

32. The equipment utilized by Defendant has the capacity to dial sequential blocks of telephone numbers.

33. The equipment utilized by Defendant has the capacity to dial numbers from a list of numbers.

34. The equipment utilized by Defendant has the capacity to dial numbers without human intervention.

35. The equipment utilized by Defendant has the capacity to schedule the time and date for future placement of calls, of which occurs without any human involvement.

36. The equipment utilized by Defendant has "automation" functions that allows the automatic placement of calls using pre-set commands, of which occurs without any human involvement.

37. The complained of calls Defendant placed to Plaintiff's Cell Phone were made using an automatic telephone dialing system ("Defendant's ATDS") that has the capacity to store

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, but not limited to, a predictive dialer) or an artificial or prerecorded voice, and to dial such numbers.

38. Plaintiff will testify that Plaintiff knew that Defendant's ATDS was an automated telephone dialing system, as defined 47 U.S.C. § 227(a)(1), because when Plaintiff answered a call from Defendant, Plaintiff would hear *either* an extended pause before a represented would come on the line, or an automated message telling Plaintiff that the call was from Defendant.

### *COUNT 1.*
### **VIOLATION OF 15 U.S.C. §§ 1681q and 1691b**
(*unlawfully obtaining of credit report*)

39. Plaintiff incorporates above-paragraphs 1-38 as though fully stated herein.

40. Plaintiff is a consumer as defined by the FCRA.

41. Defendant's above complained conduct violates *both* 15 U.S.C. § 1681q and 15 U.S.C. § 1681b, as Defendant has repeatedly obtained copies of Plaintiff's consumer credit report under false pretenses and otherwise by intentionally misleading Plaintiff, whereby Defendant knowingly took such action without a permissible purpose and without authorization from Plaintiff.

42. Defendant's violations of §§ 1681q and 1691b of the FCRA were willful. Defendant knew that Defendant was not authorized to request Plaintiff's credit reports. Defendant acted in deliberate or reckless disregard of Defendant's obligations and the rights of Plaintiff under the FCRA.

43. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) **Actual damages** in an amount determined by the evidence based on the harm Defendant caused to Plaintiff, Plaintiff's credit, and/or Plaintiff's

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

> Reputation for each violation of the FCRA determined to have occurred; *or* **Statutory damages** of not less than $100 and not more than $1,000 for each violation of the FCRA determined to have occurred;

(b) **Punitive damages** for Defendant's violations of the FCRA pursuant to 15 U.S.C. § 1681n(a)(2);

(c) **Attorneys' fees** and **costs** pursuant to 15 U.S.C. § 1681n(a)(3);

(d) **Any other relief** this Court deems just and proper.

## *COUNT 2.*
## **VIOLATION OF Fla. Stat. § 501.005(16)**
*(unlawfully obtaining of credit report)*

44. Plaintiff incorporates above-paragraphs 1-38 as though fully stated herein.

45. Defendant's above complained of conduct violates § 501.005(16) of the FFCRA because Defendant obtained Plaintiff's consumer report under false pretenses and otherwise knowingly without a permissible purpose, whereby Defendant obtained Plaintiff's credit report in connection with a credit transaction that Plaintiff did not authorize to be involved in and for no other permissible purpose.

46. Defendant's violation of Fla. Stat. § 501.005(16) was willful. Defendant knew that it was not authorized to request Plaintiff's credit reports and acted in deliberate or reckless disregard of Defendant's obligations and the rights of Plaintiff.

47. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) **Actual damages** in an amount determined by the evidence based on the harm Defendant caused to Plaintiff, Plaintiff's credit, and/or Plaintiff's Reputation for each violation of the FFCRA determined to have occurred; *or* **Statutory damages** of not less than $100 and not more than $1,000 for each violation of the FFCRA determined to have occurred;

(b) **Punitive damages** for Defendant's violations of the FCRA pursuant to Fla. Stat. § (16)(c);

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

    (c)    **Attorneys' fees** and **costs** pursuant to 15 U.S.C. § 1681n(a)(3);

    (d)    **Any other relief** this Court deems just and proper.

### *COUNT 3.*
### VIOLATION OF 47 U.S.C. § 227(b)
(*unlawful phone calls*)

48.    Plaintiff incorporates above-paragraphs 1-38 as though fully stated herein.

49.    Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to Plaintiff's Cell Phone. Each such call was placed without regard to whether Defendant had first obtained express permission from Plaintiff to place such calls. In fact, Defendant *knew* Defendant did not have the prior express consent of Plaintiff when Defendant placed to the complained of calls to Plaintiff's Cell Phone.

50.    Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to Plaintiff's Cell Phone without Plaintiff's prior express consent.

51.    As a result of Defendant's conduct, and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed, and Plaintiff is entitled to a minimum of $500.00 in damages for each unlawful call Defendant placed to Plaintiff's Cell Phone *or* $1,500.00 in damages for each unlawful call Defendant placed to Plaintiff's Cell Phone willfully and/or knowingly without Plaintiff's consent.

52.    WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Damages of $500.00 *per* unlawful call placed by Defendant or $1,500.00 *per* unlawful call if such call was proven to be willful;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b) A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call Plaintiff's Cell Phone;

(c) Any other relief this Court deems just and proper.

DATED: December 25, 2020

                                        Respectfully Submitted,

                                        /s/ Jibrael S. Hindi                            .
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail:   jibrael@jibraellaw.com
                                        THE LAW OFFICES OF JIBRAEL S. HINDI
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        Phone:     954-907-1136
                                        Fax:         855-529-9540

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com